[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This case has had a long and tortuous history and course through our court system. It started out with a Petition filed by the paternal grandmother, the plaintiff, JoAnn Clements, on March 4, 1998. Thereafter, the father, Allen Spears filed a Petition for custody dated April 27, 1998 requesting split custody and shared time with the minor child, Devon Spears, born June 6, 1995. The mother and father have never married. CT Page 13977
Both the petition filed by the paternal grandmother JoAnn Clements and the petition filed by the father Allen Spear were joined together in the same file with the same docket number and both the paternal grandmother and the father have been treated as co-plaintiffs.
The mother and father of the minor child have lived apart for a long period of time.
The paternal grandmother and the father had access to the minor child for visitation purposes until such time as the mother moved to Shelton sometime in 1998.
At the hearing on this matter, the court had the benefit of the family relations report and testimony of the family relations counselor, as well as comments of the attorney for the minor child. The father and the paternal grandmother represented themselves at the hearing and also testified and cross examined the witnesses. It was the conclusion of the family relations counselor that the plaintiff grandmother and plaintiff father were very important people to the minor child (as well as the child's mother and husband). The counselor further indicated that to interfere with the child's relationship with any of these individuals may cause unrepairable harm to the minor child.
The court finds that at the time of the filing of these two petitions, there was not an intact family. The mother and child had moved to another city and it took both the father and paternal grandmother some time to locate the child. The mother and father had not been living together for some time, and there was some concern by the father over his access to his child. The mother and father have had a stormy relationship but at the time of trial they appear to have resolved their differences and have attempted to work out custody and visitation. They have agreed to joint custody of the minor child with physical custody to the mother and visitation to the father.
The paternal grandmother has had close contact with the minor child since his birth; with the child spending considerable time including overnights at her home. The mother requested that the grandmother pick the child up at 8:00 am on Wednesdays and take the child to school, to assist the mother in her new employment.
Unfortunately, the paternal grandmother and members of her family (not the father) have made several complaints to DCF all of which have been unsubstantiated and have been dismissed. This has not endeared the grandmother to the mother. CT Page 13978
The mother's wishes were given weight and the grandmother's pendente lite visitation on Fridays has been eliminated. Further, the paternal grandmother has been admonished by this court that she is not to interfere with the mother's upbringing and parenting of this child especially in the area of potty training and speech therapy.
The father was equally admonished that he must bring the child to school on the Mondays that he has visitation. A failure to do this will result in a suspension or loss of his visitation privileges.
As previously indicated, after a full hearing and arguments and with the assistance of family relations and the attorney for the minor child, the following orders are entered:
A. The father's Visitation shall be as follows:
1) The first three weekends of the month commencing Saturday at 8:00 pm to Monday at 7:00 pm. The father shall be responsible for transporting the child to school on Monday.
2) On the Monday of the fourth weekend (when the father does not have visitation) the father shall have visitation from after school on Monday to 7:00 pm.
3) the father shall be entitled to two weeks visitation in the summer.
B. The plaintiff, the paternal grandmother JoAnn Clements shall have visitation as follows:
1) On Wednesday mornings from 8 am to the commencement of school. It shall be the paternal grandmother's responsibility to bring the child to school on time and the child shall be returned to his home at 6:00 pm. When the child goes to school at 8:45 the visitation shall be from the end of school to 6:00 pm.
2) When the mother, Loretta Jones (now Loretta Fedrick) has her vacation in the summer, the plaintiff Paternal Grandmother shall forego her Wednesday visitation.
3) When the child attends school full time, these orders shall be reviewed and modified.
Finally, neither the father, nor the paternal grandmother shall interfere with the mother's parenting, including potty training and the child's speech therapy. The mother shall have the final decision making with respect to the child's health, welfare and education. CT Page 13979
COPPETO, J.